## VANDERVEER CROSSINGS v. PALMER.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

Appeal from Special Term, Kings County.

Action by Vanderveer Crossings against A. Judson Palmer. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and BURR, JJ.

Charles C. Suffren, for appellant.
Charles C. Clark, for respondent.

PER CURIAM. Judgment reversed, and new trial granted, costs to abide the final award of costs, on the authority of Vanderveer Crossings v. Rapalje (decided herewith) 117 N. Y. Supp. 485.

## VANDERVEER CROSSINGS v. EIERMAN REALTY & CONSTRUCTION CO.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

Appeal from Special Term, Kings County.

Action by Vanderveer Crossings against the Eierman Realty & Construction Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and BURR, JJ.

Andrew F. Van Thun, Jr., for appellant.
Charles C. Clark, for respondent.

PER CURIAM. Judgment reversed, and new trial granted, costs to abide the final award of costs, on the authority of Vanderveer Crossings v. Rapalje (decided herewith) 117 N. Y. Supp. 485.

## PEOPLE ex rel. KENNEDY v. O'DONNEL et al., Tax Com'rs.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

1. MUNICIPAL CORPORATIONS (§ 974*) — TAXATION — ASSESSMENT OF PERSONAL PROPERTY—APPLICATION FOR REDUCTION.

Greater New York Charter (Laws 1901, p. 381; c. 466) § 895, provides that, when an application is made for correction of the valuation of personal estate, the applicant shall be examined under oath by the commissioners of taxes and assessments or a deputy tax commissioner, etc., but that the commissioners may, during the months of April and May in any year, act on applications, examine applicants under oath, etc., for the reduction of assessments on personal property filed in their office, and cause the amount of any assessment as corrected to be entered on the assessment rolls. Held, that these provisions do not prohibit the filing of a written application for the correction of an assessment, nor require that the application be made to the commissioners personally.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 974.*]

2. MUNICIPAL CORPORATIONS (§ 974*) — TAXATION — ASSESSMENT OF PERSONAL PROPERTY—APPLICATION FOR REDUCTION.

The law does not require the commissioners to compel the attendance of an applicant, and hence, when an application was rejected, applicant was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes